**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

### FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| CHANDER KAUR NARANG; SHANTANU NARANG, <br><br> Petitioners, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 10-71700 <br><br> Agency Nos.     A075-309-506 <br>                A075-309-505 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2015[**]
San Francisco, California

Before: McKEOWN, RAWLINSON, and DAVIS,[***] Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

Chander Narang petitions on behalf of herself and Shantanu Narang, her son, for review of a decision of the Board of Immigration Appeals (BIA) affirming the denial of their claims for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

**1.** The BIA's decision was supported by substantial individualized evidence. *See Singh v. Holder*, 753 F.3d 826, 832-33 (9th Cir. 2014). It follows that the determination that the government rebutted Petitioners' well-founded fear of future persecution in India was also supported by substantial evidence. *See id.* at 832.

**2.** The Immigration Judge (IJ) committed no due process violation when he accepted the government's untimely brief. *See Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010), *as amended* (noting that an untimely brief may be considered).

**3.** The due process claim predicated on the IJ's failure to make separate findings on Petitioners' requests for asylum, withholding of removal and CAT relief is unavailing. We review the BIA decision, and the BIA reviewed each

request for relief separately. *See Vitug v. Holder*, 723 F.3d 1056, 1062 (9th Cir. 2013).

**4.** Finally, there is no viable due process claim predicated on the IJ's bias. A biased IJ is one who does not allow a petitioner to fully testify or present evidence supporting her claims. *See Reyes-Melendez v. INS*, 342 F.3d 1001, 1006 (9th Cir. 2003). Nothing in the record reflects any such bias.

**5.** The BIA's decision to deny Petitioners' CAT claim is supported by substantial evidence. Petitioners failed to establish that it was more likely than not that they would be subjected to torture if returned to India. *See Sowe v. Mukasey*, 538 F.3d 1281, 1288 (9th Cir. 2008).

**PETITION DENIED.**